42 F.3d 1409
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles W. STARLING, Sr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7110.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 
 ON MOTION
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' decision dismissing Charles W. Starling, Sr.'s appeal for lack of jurisdiction. Starling opposes.
 
 
 2
 On November 1, 1993, Starling requested that the Chairman of the Board of Veterans Appeals grant reconsideration of the Board's January 21, 1993 decision. The Chairman denied reconsideration on May 16, 1994 and Starling appealed to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Starling's appeal for lack of jurisdiction because, in his motion for reconsideration, Starling did not allege new evidence or changed circumstances. Starling appealed to this court.
 
 
 3
 This court recently issued a decision concerning the Court of Veterans Appeals' jurisdiction to review the Chairman's denial of reconsideration. In Mayer v. Brown, no. 94-7038, slip op. at 4 (Fed.Cir. Sept. 23, 1994), we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Starling's appeal should be summarily affirmed based on our holding in Mayer.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of Starling's motion for reconsideration.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.